# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARTIN REHAL,

    Plaintiff,

v.                  3:22-CV-75
                      (JUDGE MARIANI)

HAZLETON CITY POLICE, et al.,

    Defendants.

FILED SCRANTON APR 01 2022 PER ___ DEPUTY CLERK

## ORDER

AND NOW, THIS **1ST** DAY OF APRIL, 2022, upon review of Magistrate Judge Martin Carlson's Report and Recommendation ("R&R") (Doc. 6) for clear error or manifest injustice,[1] **IT IS HEREBY ORDERED THAT**:

1. The R&R (Doc. 6) is **ADOPTED** for the reasons set forth therein.

2. Plaintiff's Complaint (Doc. 1) is **DISMISSED without leave to amend**.

3. The Clerk of Court is directed to **CLOSE** the above-captioned action.

                                    Robert D. Mariani
                                    United States District Judge

---

[1] Plaintiff mailed the Court an email that he sent to "martin792@verizon.net" on January 26, 2022 (see Doc. 7) wherein he states that he "would have to object based on the fact that the department of Justice is still investigating my allegations. . ." Plaintiff's email is insufficient to rise to the level of an Objection to the R&R. If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3. Here, while Plaintiff's email-letter was timely filed, he has only made a generalized objection to the entire R&R and has failed to identify any specific portions of the R&R or proposed findings to which he objects. The Court thus need not engage in a *de novo* analysis. Nonetheless, upon review of the relevant documents, even if this Court applied a *de novo* review, the result would be the same.